

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 15, 1947

Hon. L. A. Woods
State Department of Public Instruction
Department of Education
Austin, Texas

Attention:  Hon. T. M. Trimble
First Assistant          Opinion No. V-344

Re:  Does the exten-
sion of the bound-
aries of the City
of New Braunfels
automatically ex-
tend the bound-
aries of the New
Braunfels Inde-
pendent School
District.

Dear Sir:

        We refer to your letter of recent date ac-
knowledged by the Attorney General on July 17, 1947,
requesting an opinion from this office concerning wheth-
er the extension of the city limits of New Braunfels
automatically operates to extend the boundaries of the
New Braunfels Independent School District, and related
questions.  Your attached letter signed by Mr. E. A.
Sahm, Superintendent of the New Braunfels Independent
School District, presents, in substance, the following
questions and factual information:

        The New Braunfels Independent School
    District was created by Acts 1913, 33rd Leg-
    islature, R. S., Special Laws, S. B. 294,
    Ch. 43, page 140.  (Gammel's Laws, Vol. 16,
    p. 140)

        Question 1:  Will an extension of the
    city limits of the City of New Braunfels by
    an election called by the city automatically
    extend the limits of the New Braunfels Inde-
    pendent School District so as to again make
    the two corporations identical in territory?

The City of New Braunfels has extended
its city limits four times since 1913 when
the Independent School District was created
by said law, and each time the territory an-
nexed by the city was automatically taken
into the New Braunfels Independent School
District, and treated for all school pur-
poses as part of the district.

Question 2:  Are the simultaneous ex-
tensions of the limits of the City of New
Braunfels and the New Braunfels Independent
School District legal and compatible with
the special act creating the independent
school district?

Question 3:  May the New Braunfels In-
dependent School District now operating
under the provisions of the special act
creating it, consolidate with other adja-
cent common school districts as other inde-
pendent school districts may under and in
accordance with the general laws governing
independent school districts in the chang-
ing or extending of their boundaries?

The records of the Department of Education re-
veal that the City of New Braunfels assumed control of
the schools within the city on April 3, 1879, but that
such municipal control of the city school district was
divorced from the city by the 1913 special law above
noted creating the New Braunfels Independent School Dis-
trict.  The records of the Secretary of State reveal
further that under the home-rule charter adopted by the
City of New Braunfels by election held on January 18,
1944, the city did not assume control of the New Braun-
fels Independent School District, and that there has
been no amendment to the 1913 special act creating the
said independent school district.

We quote for purposes of this opinion only
those parts and sections of S. B. 294, Acts 1913, which
are pertinent to the proper disposition of the questions
submitted:

"Section 1.  That there is hereby
created and established in Comal County,
Texas, an incorporation for free school
purposes only, under the name of, and to

be known as, the New Braunfels Independ-
ent School District, which shall include
within its limits all lands and territory
included within the corporate limits of
the city of New Braunfels, the boundaries
of said independent school district to be
identical with the limits and boundaries
of said city, and said independent school
district is hereby incorporated and made
a body corporate in law for free school
purposes only.

"Sec. 2.  That the said city of New
Braunfels is hereby divested of the con-
trol of the public free schools within its
limits and said New Braunfels Independent
School District is hereby invested with
the exclusive control of the public free
schools within the limits of said district;
and the title and rights of all property
owned, held, set apart or in any way dedi-
cated to the use of the public free schools
of the city of New Braunfels heretofore
vested in the mayor, city council, or trus-
tees of said city, shall be, and is hereby,
vested in the board of trustees, of said New
Braunfels Independent School District and
their successors in office.

"Sec. 5. . . .; and the board of trus-
tees of the said New Braunfels Independent
School District shall have and exercise, and
is hereby vested and charged with, all the
rights, powers, privileges and duties con-
ferred and imposed by the General Laws of
this State upon trustees of independent
school districts created and organized under
the General Laws of this State, including
the right to levy and collect taxes for the
issuance of bonds and for the maintenance of
the schools, and to issue bonds of said dis-
trict to the extent and for the purposes and
subject to the provisions, limitations and
conditions that said powers may now be ex-
ercised under the General Laws of this State
by the trustees of independent school dis-
tricts incorporated for free school purposes
only, . . ."

Your identical question submitted as Question No. 1 herein has been previously submitted for the consideration of this Department concerning the Texarkana Independent School District which was created also by special law, Acts 1920, 36th Legislature, 3rd Called Session, S. B. No. 9, Ch. 31, and Section 1 of said Act reads almost identical with Section 1 of S. B. No. 294 creating the New Braunfels Independent School District. This Department advised in its Opinion No. O-3823, a copy of which is attached and incorporated as a part hereof, that the extension of the municipal boundaries of the City of Texarkana did not automatically extend the boundaries of the Texarkana Independent School District and that the boundaries of such school district are subject to the applicable laws relating to bodies corporate for school purposes only.

We think the ruling given in Opinion O-3823, for the reasons therein stated, are equally applicable and constitute sufficient and proper answer to your first and third submitted questions as stated herein; that the proper answer to your first question should be in the negative, and to your third question in the affirmative.

Your second submitted question relating to a specific fact situation depends upon the proper answer to your first question. It necessarily follows that Question No. 1 having been determined in the negative that the answer to your second question is in the negative, unless there has been curative or validating legislation which would validate the stated actions of the City of New Braunfels in simultaneously extending the limits of the city and the New Braunfels Independent School District. We have found no such validation legislation, nor have we been apprised thereof.

## SUMMARY

The extension of the city limits of the City of New Braunfels will not operate automatically to extend the school district limits or boundaries of the New Braunfels Independent School District, said school district boundaries being fixed by Acts 1913, 33rd Leg., R. S., Special Laws, S. B. 294, Ch. 43, p. 140, and the district not being municipally controlled. A. G. Opinion No. O-3823.

The boundaries of the New Braunfels Independent School District are subject to the applicable general laws governing independent school districts, not municipally controlled, and may be changed and extended in accordance therewith.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Chester E. Ollison_

Chester E. Ollison
Assistant

CEO:djm:jt

Enclosure

APPROVED:

_Fagan Dickson_

FIRST ASSISTANT